## WELLS *v.* GOFFSTOWN.

16    53
66    310

Selectmen have no authority to repair highways at the expense of the town, until the money raised by the vote of the town for that purpose has been expended.

Surveyors of highways are authorized to purchase at the expense of the town, all such timber, plank, &c., as may be necessary for the repair of roads and bridges in their respective districts.

As incidental to that authority, they are fully authorized also, to cause the lumber so purchased to be surveyed at the charge of the town, as a proper means of determining its quantity and value.

In the exercise of this authority, they are not limited by law to the employment of sworn surveyors, but may employ others; nor have selectmen any power to limit them in this particular.

ASSUMPSIT on an account annexed to the writ, and for work and labor. The specification under both counts

was of services in repairing a highway in Goffstown, in a district in which the plaintiff was highway surveyor, and also for surveying lumber. The plaintiff proposed to prove that the sums in his list had been expended previously to the performance of the labor charged, and that the highway in said district was in need of further repairs, and so much out of repair as to be dangerous for the public travel, and that said labor was performed in making necessary repairs and in making causeways.

The court ruled, that the action could not be maintained by the proof of those facts, without proof that the services were rendered by direction of the selectmen.

The plaintiff then introduced testimony tending to show, that previously to said repairs being made, the plaintiff told one of the selectmen that the taxes in his list were worked out, and asked what he should do with the highway; that it needed repairing; that several causeways ought to be made; and that the selectman replied that he had seen the road, and it needed repairs, and he thought the causeways should be covered with stones; that he must do as little as he could, for there would be many similar bills against the town.

The plaintiff further proved, that when the selectmen were together after the performance of the labor, the selectman above referred to said to another person, in presence of the plaintiff, we expect to pay for causeways and bridges.

It was proved by the defendant that the other selectmen gave no assent to the employment of the plaintiff to perform said labor.

The court ruled, that the plaintiff had not shown that he was employed by the selectmen to perform said labor.

For the purpose of proving his claim for surveying lumber, the plaintiff produced the selectmen's warrant to a surveyor of highways, which directed that all lumber should be surveyed by a sworn surveyor. It was admitted

that the plaintiff was chosen a surveyor of lumber for the year in which said services were rendered, but there was no record of his having taken the oath of office. And he proposed to call witnesses to prove the fact of his having taken said oath. The plaintiff proved that he surveyed several parcels of lumber for the use of the town in repairing bridges, by request of said surveyor of highways. The several highway surveyors being authorized to purchase lumber for that purpose at the expense of the town, the court ruled that the plaintiff had no right of action against the town for said services, until he had demanded payment therefor of the selectmen, or had given them notice that he had such a claim against the town.

Whereupon a verdict was ordered for the defendant, on which judgment was to be rendered, or it was to be set aside and a new trial granted, as the opinion of this court might be upon the foregoing case.

*G. W. Morrison,* for the plaintiff.

*D. Steele,* for the defendant.

WOODS, J. The question arising in this case is, whether the plaintiff was properly employed by the agents of Goffstown, either to make the repairs of the highways, or to survey the lumber, so as to entitle him to charge his services to the town. It appears that he was directed to make the repairs by one only of the selectmen, and without the express assent of the others. Are the facts presented in this case such as authorize selectmen to repair highways, and warrant either one or all of them in employing the plaintiff?

The Revised Statutes, ch. 55, sec. 1, provide that "every town shall raise such sum of money as they may judge necessary for making and repairing the highways;" and

this is ordinarily to be expended under the direction of surveyors, and the warrants of the selectmen. Also, section 16 provides that, "Whenever the whole tax in any surveyor's list is not in the opinion of the selectmen needed for repairing the highways in his district, they may direct the surveyor to cause the same to be worked out in any other district." And section 11, that "the selectmen may order any surveyor to cause the taxes then due on his list, to be worked out in any other district in which the taxes from any unforeseen accident shall be found insufficient; and if the taxes then due shall be insufficient, the selectmen shall cause the road or bridge affected by such accident to be put in repair at the expense of the town."

It is evident, then, that selectmen have no general authority to repair highways at the expense of the town, only in specified cases and under peculiar circumstances. We are of opinion that the selectmen are authorized, only in the event that all the money raised in the town has been expended to make repairs at the town's expense. Such seems to be the policy of the statute.

In this case the facts do not show that the money raised by the vote of the town had been first expended. Accordingly, the plaintiff is not entitled to recover for his services in repairing the highway.

Was the plaintiff duly employed to survey the lumber, and to charge the same to the town? It appears that he was employed by a surveyor of highways to survey the lumber necessary for the repairs. Chapter 55, section 14, provides that "surveyors of highways may purchase all such timber, plank, and other materials, as are necessary for repairing the highways and bridges in their respective districts, at the *cost and charge of the town*." As incident to that authority, it seems very clear to us that they have the power to cause the timber to be surveyed, as the ordinary means of ascertaining its value. The plaintiff, then,

was properly employed to make the survey, unless the surveyor was directed to engage a sworn surveyor, and the plaintiff is not shown to have been such. But the surveyors are made the agents of the town to purchase the lumber, and, as we have seen, to cause it to be surveyed. And we do not find that the selectmen are authorized to impose any limit upon the exercise of that authority. It is their duty to limit the district, and to furnish each surveyor with a list of the several tax-payers in his district, with the tax assessed to each, and a warrant to collect the same. This certainly prescribes no limitation of his authority; nor is any person prohibited by law from surveying lumber for such use. And no reason appears why the town is not chargeable with the reasonable value of the plaintiff's services in surveying the lumber.

But it is objected, that unless it appear that the plaintiff demanded payment for his services of the selectmen, or that he had given them notice of his claim, the action is premature and can not be maintained. But we are aware of no principle of law requiring such demand or notice of the agents of a town more than of individuals.

The plaintiff is entitled upon the facts in this case to recover for his services; and as the judge who tried the cause decided differently, the verdict must be set aside and a

*New trial granted.*